IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| EDWARD LIONEL BLAKE | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv506 |
| N. VASQUEZ | § | |

ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Edward Lionel Blake, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the petition for writ of habeas corpus be dismissed.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed two sets of objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner is challenging a sentence he received for possessing cocaine with the intent to distribute and for conspiring to possess cocaine with the intent to distribute. He contends two prior state court convictions for burglary were improperly used to make him a career offender as described in Section 4B1.1 of the United States Sentencing Guidelines. The Magistrate Judge correctly concluded that as petitioner is challenging his sentence rather than his convictions, his claims may not be asserted in a petition filed pursuant to Section 2241. *Williams v. USP Beaumont*, 609 F. App'x 269, 270 (5th Cir. 2015).

In his objections, petitioner asserts that he is not merely asserting that his two prior state convictions were improperly used to increase his federal sentence. He is also asserting that the two state convictions were invalid because he did not receive effective assistance of counsel during the state proceedings.

In order to be entitled to relief in a petition filed pursuant to Section 2241, a federal prisoner must, *inter alia*, demonstrate that he has been convicted of a nonexistent offense. *Reyes-Requena v. United States*, 243 F.3d 893, 894 (5th Cir. 2001). Even if the court agreed that petitioner's state convictions were invalid and that they therefore should not have been used to increase his federal sentence, this would establish no more than that petitioner's sentence is incorrect. It would not establish that he was convicted in federal court based upon conduct that did not constitute an offense. As a result, petitioner's arguments regarding his state court convictions do not provide him with a basis for relief in this proceeding.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in accordance with the recommendation of the Magistrate Judge.

**SIGNED** this the 5 day of **July, 2016.**

_____
Thad Heartfield
United States District Judge